UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTONIO R. HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-740-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Antonio R. Harrison, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-06-274) in which a Disciplinary Hearing Officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction policy B-202 on June 29, 2017. He was sanctioned with the loss of 60 days earned credit time and a one-step demotion in credit class. *Id.* The Warden has filed the administrative record and Mr. Harrison filed a traverse, so this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the

disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985). In his petition, Mr. Harrison asserts there are three grounds that entitle him to habeas corpus relief.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Harrison was found guilty of possessing a controlled substance in violation of IDOC policy B-202, which prohibits inmates from "[p]ossession or use

of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. https://www.in.gov/idoc/files/

02-04-101%20Appendix%20I%206-4-2018.pdf.

The Conduct Report charged Mr. Harrison as follows:

> On 6-26-17 at about 6:15 am I Sgt. Reed arrived at the cell of Harrison 252736. Upon conducting a strip search I found ten (10) packages of plant material in the pocket of his black gym shorts.

ECF 9-1 at 1.

Officer French provided the following statement regarding the incident:

> While shaking down offender Harrison 252736 B210 I Officer French s[aw] Sgt. Reed find several packages of plant material in his shorts.

ECF 9-1 at 3.

The hearing officer reviewed the security video of the incident and provided this written summary:

> Video review shows CR writer & witness @ B210 at 6:11:15.
> The strip search begins @ 6:12:03.
> CR writer searches inmate shorts @ 6:13.
> Items removed from shorts @ 6:13:15 & examined by staff.
> At 6:15:07 inmate is cuffed, removed to range & search of cell begins.

ECF 9-3 at 1.

To begin with, the hearing officer had sufficient evidence to find Mr. Harrison guilty of violating offense B-202. A conduct report alone can be enough

3

to support a finding of guilt, McPherson v. McBride, 188 F.3d at 786, and that's true of this case. Sergeant Reed, the reporting officer, prepared a conduct report detailing Harrison's possession of an unauthorized "look-a-like" drug in violation of offense B-202. Sgt. Reed based his report on his having found ten individually wrapped packages of plant material in the pocket of Mr. Harrison's black gym shorts when he conducted a strip search of Mr. Harrison in his cell on June 26, 2017. Officer French provided a statement in which he corroborated the fact he saw Sgt. Reed "find several packages of plant material in [Harrison's] shorts" during the strip search.  And the hearing officer's written summary of the incident provided support for the conduct report as she was able to view the details of the incident on the prison's surveillance video. Photographs taken of the plant material documented that there were ten packages removed from Mr. Harrison's gym shorts.

In sum, given Sgt. Reed's discovery of the ten packages of plant material in Mr. Harrison's gym shorts, combined with Officer French's statement corroborating Sgt. Reed's discovery of the plant material, the hearing officer's written summary of the video footage of the incident, and the photographs taken of the plant material, there was more than "some evidence" for the hearing officer to conclude that Mr. Harrison possessed the plant material—a "look-a-like" substance—in violation of offense B-202. Mr. Harrison doesn't dispute that he possessed the ten packages of plant material that appeared to imitate an illegal

substance. Because the plant material looked like and was consistent with marijuana—one of the most ubiquitous controlled substances in our culture—it was neither arbitrary nor unreasonable for the hearing officer to find Mr. Harrison guilty. *See* Hall v. Superintendent, No. 3:14-CV-1929, 2015 WL 5081409, at *1 (N.D. Ind. Aug. 27, 2015) (denying petition where offender possessed a green, leafy substance that looked like an illegal drug).

Nevertheless, in his petition, Mr. Harrison argues that his due process rights were violated because he was denied a fair and impartial hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* Due process is not denied simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id.*

The contains no support for Mr. Harrison's allegation that he was in some way the subject of an unfair hearing. While he seems to claim his hearing was unfair because the DHO "abruptly ended the hearing [when she] bec[ame] agitated by outside interference" since the hearing was held in an open area, he hasn't shown the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the

5

incident. Piggie v. Cotton, 342 F.3d at 666. The hearing officer thoroughly considered the evidence in this case and determined there was sufficient evidence to conclude that Mr. Harrison possessed the ten packages of plant material which imitated and was packaged as an illegal substance—marijuana. And as noted, Harrison does not deny that he possessed the plant material that was found in his gym shorts during a strip search. Therefore, this ground doesn't identify a basis for habeas corpus relief.

In another (somewhat vague) ground of his petition, Mr. Harrison seems to argue that prison officials violated his due process rights because they didn't follow Department of Correction policy when they destroyed his homemade grill, homemade deep fryer, homemade extension cord, and gallon of possible "hooch." He seems to claim that Department of Correction policy mandates that these items be preserved as evidence. Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow state or departmental policy isn't a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Mr. Harrison's claims regarding violations of prison policies can't be remedied in a habeas corpus petition.

Mr. Harrison contends in his petition that his due process rights were violated because prison officials refused to test the plant material to verify that it was a controlled substance. He asserts the plant material was simply Italian seasoning he uses on "pizza he cooks for other offenders." "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. Prisoners have a right to submit relevant exculpatory evidence, but they don't have the right to create evidence that doesn't already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); Rhatigan v. Ward, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and Arthur v. Ayers, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Mr. Harrison's due process rights weren't violated because he didn't have a right to the creation of evidence that didn't exist—the testing of the plant material. This ground doesn't identify a basis for granting habeas corpus relief, either.

As a final matter, Mr. Harrison raises a new claim in his traverse. Because this claim wasn't identified as a ground for relief in his petition, as required by Section 2254 Habeas Corpus Rule 2(c)(1), itss not properly before the court. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule

2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); Minniefield v. Lemmon, 333 F. App'x 131, 132 (7th Cir. 2009). Even if the ground had been properly raised in his petition, it wouldn't have been successful on the merits.

In his newly raised ground, Mr. Harrison claims his due process rights were violated because he was denied an opportunity to review the confidential video footage of his strip search. Mr. Harrison had a right to request evidence in his defense, *see* Wolff v. McDonnell, 418 U.S. at 566, he didn't necessarily have a right to personally review the evidence. *See* White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Mr. Harrison had no right to review the confidential video footage of the incident because the release of the footage would have given Mr. Harrison and other inmates insight into the surveillance and investigative techniques employed by prison officials. In other words, the hearing officer didn't err in determining the release of the confidential video footage would have posed a security threat to the prison.

Mr. Harrison also had no right to review the confidential video footage because it didn't contain exculpatory evidence. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the

prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). While Mr. Harrison has a right to present relevant, exculpatory evidence in his defense, the confidential video footage is made up of incriminating evidence that corroborates the conduct report. Because the hearing officer thoroughly reviewed the confidential video footage, there was no violation of Mr. Harrison's due process rights. White v. Ind. Parole Bd., 266 F.3d at 767. Furthermore, as stated, the court has reviewed the confidential video footage and notes it contains no exculpatory evidence. Jeffries v. Neal, 737 Fed. Appx 791, 793 (7th Cir. 2018) ("our review of the internal-affairs file confirms that it contains no evidence contradicting the hearing officer's conclusion that Jeffries trafficked drugs.").

Furthermore, a hearing officer's improper exclusion of evidence is considered harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." Piggie v. Cottton, 342 F.3d at 666. But Mr. Harrison hasn't identified anything from the confidential video footage that would prove to be exculpatory or that might have aided his defense. As discussed, the confidential video footage documents the reporting officer's discovery of the packages of plant material he found inside the pocket of Mr. Harrison's black gym shorts during a strip search. On the basis of these facts, even if the hearing officer had improperly excluded this evidence, it would have been harmless error. Mr. Harrison's traverse didn't identify a basis for granting habeas corpus relief.

Mr. Harrison doesn't need a certificate of appealability to appeal this order, because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Antonio R. Harrison's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on January 2, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT